# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DOUGHTY, an individual,<br><br>Plaintiff,<br>vs.<br>DEPARTMENT FO THE NAVY, a Federal agency,<br><br>Defendant. | CASE NO. 14cv2221-WQH-BLM<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Amended Ex Parte for Temporary Restraining Order and Preliminary Injunction filed by Plaintiff Michael Doughty. (ECF No. 8).

**I. Background**

On September 17, 2014, Plaintiff commenced this action by filing the Complaint. (ECF No. 1). On September 18, 2014, Plaintiff filed a motion for a preliminary injunction and temporary restraining order. (ECF No. 3). On September 19, 2014, the Court denied the motion without prejudice "to Plaintiff filing a proof of service of the Complaint and Motion or providing grounds as to why notice to Defendant should not be required." (ECF No. 4). On September 25, 2014, Plaintiff filed a proof of service of the Complaint and summons. (ECF No. 7). On October 1, 2014, Plaintiff filed the Amended Ex Parte for Temporary Restraining Order and Preliminary Injunction. (ECF No. 8). On October 3, 2014, Defendant Department of the Navy ("the Navy") filed an

opposition. (ECF No. 10). On October 6, 2014, the Court held a hearing on the motion.

## II. Allegations of the Complaint

Plaintiff is a Lieutenant Commander in the United States Naval Reserve, "currently mobilized on active duty orders." (ECF No. 1 at 2, 4). Plaintiff is currently involved in litigation with his former employer. As part of Plaintiff's background check, the Navy contacted Plaintiff's former employer. Plaintiff's former employer made "serious, but baseless, allegations" to the Navy, including a "completely fabricated narrative" and "questioning Plaintiff's fitness to hold a security clearance." *Id.* at 2, 4. The Navy revoked Plaintiff's security clearance "without allowing [Plaintiff] an opportunity to respond despite the [Navy's] stated policy that he would have up to 60 days to rebut the accusations." *Id.* at 2.

On September 8, 2014, the Navy sent Plaintiff a Letter of Intent titled "Intent to Revoke Eligibility for Security Clearance and Access to Sensitive Compartmented Information (SCI)." *Id.* at 4. On September 9, 2014, Plaintiff received a "First Endorsement" of the first letter. *Id.* Both letters indicate that Plaintiff has fifteen days from September 8, 2014 to respond to the Letter of Intent, and that Plaintiff may request a forty-five day extension. Plaintiff requested and received a forty-five day extension. On September 15, 2014, just seven days later, Plaintiff's security clearance was revoked, and the demobilization and discharge process began.

The Complaint asserts a violation of the due process clause of the Fifth Amendment, brought pursuant to 42 U.S.C. section 1983, and seeks declaratory relief, preliminary and permanent injunctive relief, and costs of suit.

## III. Motion for Temporary Restraining Order and Preliminary Injunction

Plaintiff asserts that the Navy has given him until November 17, 2014 to respond to the Letter of Intent. Plaintiff asserts that the demobilization process will begin on October 6, 2014 and "result in his demobilization and discharge no later than approximately October 20, 2014." (ECF No. 8-1 at 2). Plaintiff requests that the Court:

    1. Declare that DON's de-mobilization and discharge of Plaintiff violates

> the Due Process Clause of the Fifth Amendment to the Constitution of the United States and enjoin Defendant from de-mobilizing and discharging Plaintiff until he has a proper opportunity to respond to the periodic investigation;
>
> 2. Issue preliminary and permanent injunctions enjoining DON from de-mobilizing and discharging Plaintiff until he has had a proper opportunity to respond to the periodic investigation; and
>
> 3. Order DON to reinstate Plaintiff to the pre-deployment training he was undergoing when his security clearance was revoked without cause.

*Id.* at 8-9. Defendant contends that review of the Navy's administrative decisions regarding Navy personnel are non-justiciable in this case. Defendant also contends that Plaintiff has failed to demonstrate irreparable harm in the absence of a preliminary injunction.

**A.  Preliminary Injunction Standard**

When the nonmovant has received notice, as here, the standard for issuing a temporary restraining order is the same as that for issuing a preliminary injunction. *See Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation omitted).

To obtain preliminary injunctive relief, a movant must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). "'[S]erious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that

the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011); *see also Villegas Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012). In other words, "a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits." *Cottrell*, 632 F.3d at 1131.

At a minimum, "the moving party must demonstrate a significant threat of irreparable injury." *Arcamuzi v. Cont'l Air Lines, Inc.*, 819 F.2d 935, 937 (9th Cir. 1987) (citation omitted). "[A]n injunction cannot issue merely because it is possible that there will be an irreparable injury to the plaintiff; it must be likely that there will be." *Am. Trucking Ass'n*, 559 F.3d at 1052. "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. If the moving party fails to meet the "minimum showing" of a likelihood of irreparable injury, a court "need not decide whether [the movant] is likely to succeed on the merits." *Oakland Tribune, Inc. v. Chronicle Pub. Co., Inc.*, 762 F.2d 1374, 1377 (9th Cir. 1985).

"[E]conomic injury alone does not support a finding of irreparable harm, because such injury can be remedied by a damage award." *Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991) (citing *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980)); *see also Sampson v. Murray*, 415 U.S. 61, 90 (1974) ("Mere injuries, however substantial, in terms of money, time and energy necessarily expended are not enough" to constitute irreparable injury) (quotation omitted). However, the United States Court of Appeals for the Ninth Circuit has "recognized that intangible injuries, such as damage to ongoing recruitment efforts and goodwill, qualify as irreparable harm." *Rent-A-Center, Inc.*, 944 F.2d at 603 (citing *Regents of Univ. of Cal. v. Am. Broad. Cos.*, 747 F.2d 511, 519-20 (9th Cir. 1984)); *see also WMX Techs. v. Miller*, 80 F.3d 1315, 1325 (9th Cir. 1996). "[T]he deprivation of constitutional rights 'unquestionably

1  constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir.
2  2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)).

### B. Likelihood of Success on the Merits: Fifth Amendment Due Process

Plaintiff contends he is likely to succeed on the merits because the Navy "violated the terms of its own policies and unilaterally revoked Plaintiff's clearance without affording him the opportunity to respond." (ECF No. 8-1 at 7). Plaintiff asserts that he will be able to "successfully rebut the baseless allegations that were the [Navy's] stated reasons for revoking his clearance, and his clearance will be reinstated." *Id.*

Defendant contends that Plaintiff's claim is non-justiciable under *Mindes v. Seaman*, 453 F.2d 197 (5th Cir. 1971) and *Sebra v. Neville*, 801 F.2d 1135, 1139-41 (9th Cir. 1986). Defendant contends that the claim is non-justiciable because Plaintiff cannot establish the violation of a constitutional right. Defendant contends that decisions to demobilize or discharge a reservist is only subject to review if based on "constitutionally infirm grounds," and Plaintiff has failed to allege any constitutionally infirm grounds for demobilization and discharge. (ECF No. 10 at 7-8). Defendant contends that there is no constitutional right to security clearance. Defendant contends that the relief requested would interfere with military functions subject to military discretion and expertise.

"A procedural due process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998). In *Alberico v. U.S.*, 783 F.2d 1024 (Fed. Cir. 1986), the United States Court of Appeals for the Federal Circuit interpreted a federal law providing that "reserve commissioned officers may be discharged at the pleasure of the President," and held that "Reserve officers such as [the plaintiff] have no reasonable expectations of continued employment and thus no property interests protected by the due process clause." *Id.* at 1027 (citing 10 U.S.C. § 1162(a) (repealed by Pub. L. 103-337, Div. A, Title XVI, § 1662(i)(2), Oct. 5, 1994)). In *Baird v. United States*, 243 F.3d

558 (Fed. Cir. 2000) (unpublished), which followed repeal of 10 U.S.C. section 1162(a), the United States Court of Appeals for the Federal Circuit reaffirmed that "[a] reservist on active duty does not have a constitutionally protected property interest in his active duty position." *Id.* at *1 (citing *Alberico*, 783 F.2d at 1027). 10 U.S.C. section 12313(a) provides that "[e]xcept as otherwise provided in this title, the Secretary concerned may at any time release a Reserve under his jurisdiction from active duty." 10 U.S.C. § 12313. Plaintiff has cited no authority for the proposition that Plaintiff has a due process property or liberty right in continued service on active duty orders or continued service in the U.S. Navy Reserves.[1]

The Court concludes that Plaintiff has failed to establish "that he is likely to succeed on the merits" or even "serious questions going to the merits" *Winter*, 555 U.S. at 20; *Cottrell*, 632 F.3d at 1135. Plaintiff's failure to raise even "serious questions going to the merits" is a sufficient ground for denial of the motion. *Vanguard Outdoor, LLC v. City of Los Angeles*, 648 F.3d 737 (9th Cir. 2011) ("Importantly, a preliminary injunction may be denied on the sole ground that the plaintiff has failed to raise even 'serious questions' going to the merits.") (citing *Guzman v. Shewry*, 552 F.3d 941, 948 (9th Cir. 2009).

### C. Irreparable Injury

In the motion, Plaintiff contended that he will suffer "tremendous economic loss and damage to his professional and personal reputation and character which would likely adversely impact his future earning potential and deny him life, liberty and property in violation of the Fifth Amendment to the U.S. Constitution." (ECF No. 8-1). At oral argument, Plaintiff's counsel conceded that irreparable injury would not result in the absence of a preliminary injunction. Plaintiff's counsel stated that Plaintiff believed he was being discharged at the time the motion was filed, but now understands that he is only being demobilized from active duties.

---

[1] At oral argument, Plaintiff's counsel stated that he was unaware of any cases finding a due process right in continued service on active duty.

Because Plaintiff concedes that there is no threat of irreparable injury, the Court concludes that Plaintiff has failed to establish a significant threat of irreparable injury in the absence of a preliminary injunction.

**III. Conclusion**

IT IS HEREBY ORDERED that the Amended Ex Parte for Temporary Restraining Order and Preliminary Injunction filed by Plaintiff Michael Doughty is DENIED. (ECF No. 8).

DATED: October 6, 2014

**WILLIAM Q. HAYES**
United States District Judge